**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000839
30-NOV-2012
08:23 AM**

NO. CAAP-11-0000839

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
YAN CHEN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CR. NO. 1P111-5720)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Yan Chen (**Chen**) appeals from the Notice of Entry of Judgment and/or Order entered on October 18, 2011 by the Honolulu Division of the District Court of the First Circuit (**District Court**).[1] After a bench trial, Chen was found guilty of Prostitution in violation of Hawaii Revised Statutes (**HRS**) § 712-1200(1) (1993 & Supp. 2011).

Chen raises a single point of error, contending that the District Court erred in adjudging Chen guilty of Prostitution because the State failed to adduce sufficient evidence to prove that she engaged in, or agreed or offered to engage in, sexual conduct with another person for a fee.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

_____

[1] The Honorable Russel S. Nagata presided.

the arguments advanced and the issues raised by the parties, we resolve Chen's point of error as follows:

The standard of review on appeal for sufficiency of the evidence is substantial evidence. The Hawai'i Supreme Court has

> long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.
>
> State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

Based upon the testimony of Detective Guy Yamashita, which the District Court found to be credible [**Tr. 36**], and the reasonable inferences arising from the circumstances surrounding Chen's conduct, we conclude that there was sufficient evidence to support the District Court's conclusion that Chen intended to engage in sexual conduct with Detective Yamashita in exchange for the payment of a fee.

Accordingly, we affirm the District Court's October 18, 2011 Notice of Entry of Judgment and/or Order.

DATED:  Honolulu, Hawai'i, November 30, 2012.

On the briefs:

John M. Tonaki
Public Defender
Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Keith M. Kaneshiro
Prosecuting Attorney
Brian R. Vincent
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge